[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

No. 05-13771
Non-Argument Calendar

_____

D. C. Docket No. 02-60761-CV-KAM

ELIPHENE FILIUS,

Plaintiff-Appellant,

versus

U.S. POSTMASTER GENERAL,
John E. Potter,
UNITED STATES POSTAL SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2006)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eliphene Filius appeals the entry of summary judgment in favor of the U.S. Postmaster General and the U.S. Postal Service (collectively "Postal Service") on the claims of racial and national-origin discrimination and retaliation he brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3(a), 2000e-16(a), (c). Filius contends that summary judgment was inappropriate because (1) his letter of suspension for improper use of a postal vehicle and the forgery investigation resulting in his placement into non-pay, non-duty status for four days were adverse employment actions; (2) a similarly situated Caucasian employee was treated more favorably than he was; and (3) he raised a genuine issue of material fact as to whether the Postal Service's explanation for its action was a pretext for discrimination.[1]

We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Johnson v. Governor of Fla., 405 F.3d 1214, 1217 (11th Cir.) (en banc), cert. denied sub nom. Johnson v. Bush, 126 S.Ct. 650 (2005) . Summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

---

[1] The Postal Service asks us to affirm the district court's judgment on the ground that Filius is judicially estopped from pursuing his claims because he failed to disclose them in his bankruptcy petition. Because we reject Filius's claims on the merits, as the district court did, we do not reach the estoppel issue.

fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

For Postal Service employees Title VII requires that "[a]ll personnel actions affecting employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Where a plaintiff supports his Title VII claim with circumstantial evidence, we analyze his claim using the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination. Id. To establish a prima facie case of disparate treatment, the plaintiff must show that he "was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Id.

To establish an adverse employment action under Title VII's anti-discrimination provision, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment," as viewed by a reasonable person in the circumstances. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original). Although proof of direct economic consequences is not required in all cases, the asserted impact "cannot be

speculative and must at least have a tangible adverse effect on the plaintiff's employment." Id.

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishments imposed." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (citation and quotation marks omitted). "In order to satisfy the similar offenses prong, the comparator's misconduct must be nearly identical to the plaintiff's in order to prevent courts from second guessing employers' reasonable decisions and confusing apples with oranges." Id. (citation and quotation marks omitted). Summary judgment is appropriate if the plaintiff fails to show the existence of a similarly situated employee, and no other evidence of discrimination is present. Holifield, 115 F.3d at 1562.

As noted above, Filius contends that the letter of suspension for improper use of a postal vehicle was an adverse employment action. We disagree. Filius never served any of the seven-day suspension. As a result of a grievance

4

procedure (established by the union's contract with the Postal Service), the suspension was not upheld. Rather, it was removed from his employment record and reduced to a "discussion" about the use of government property. Filius does not allege that either the letter or the discussion had any effect on his future job prospects, nor is there any evidence of such effect.

Whether Filius's placement in non-pay, non-duty status for four days, while the postal inspectors investigated the possibility that he had forged the CA-17 form he had submitted, constituted an adverse employment action is a closer question. We conclude, under the facts of this case, that it constituted such action. As a result of the postal inspectors' investigation, Filius was found to have not engaged in any wrongdoing. During the investigation, however, he accrued 31.87 hours of leave without pay. He was not paid for this time until over two months later. Consequently, his net pay for the pay period that included the 31.87 hours of leave without pay was significantly less than the immediately proceeding and following pay periods and his average net pay for the remaining 24 pay periods in 2000 (excluding this pay period and the period during which he was paid for these hours). Nevertheless, Filius's prima facie case fails for lack of evidence of a comparator with respect to this adverse action.

Filius cites to a similarly situated Caucasian employee who, unlike him, was

5

not disciplined for using a postal vehicle to visit a contract physician within the relevant service area. As to the forgery investigation, this is not similar conduct. In addition, there is no other evidence of discrimination based on Filius's race or national origin. Because Filius failed to make out a prima facie case of discrimination, the district court properly rejected this claim.

Filius also contends that these employment actions were made in retaliation for his pursuit of complaints with the Equal Employment Opportunity Commission ("EEOC"). To establish a prima facie case of retaliation under Title VII, the plaintiff must show that: (1) he participated in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). For an action to be adverse for the purposes of Title VII's anti-retaliation provision, it "must either be an ultimate employment decision or else must meet some threshold level of substantiality." Stavropoulos v. Firestone, 361 F.3d 610, 616-17 (11th Cir. 2004), cert. denied 125 S.Ct. 1850 (2005) (citation and quotation marks omitted). To establish the causal connection required by the third prong, the plaintiff must show that: (1) the decision-makers were aware of the protected conduct; and (2) the protected activity and the adverse employment action were not wholly

6

unrelated. Gupta, 212 F.3d at 590.

Filius filed a complaint with the EEOC prior to either alleged adverse employment action, and participated in the mediation of the complaint. As discussed above regarding his discrimination complaint, Filius suffered an adverse employment action when he was placed in non-pay, non-duty status. Filius was placed into non-pay, non-duty status one day after he participated in mediation of an EEOC complaint with his manager, Patricia Lynn. Lynn was the person who initiated the investigation by informing the postal inspectors of a problem with the CA-17 form Filius had turned in. Since only one day had elapsed between the mediation and Filius's change of employment status, Filius established a causal connection, and, therefore, established a prima facie case of retaliation.

Once a prima facie case of retaliation is established, the employer bears the burden of asserting legitimate non-discriminatory reasons for its actions. See Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). The burden then shifts to the plaintiff to create a genuine issue of material fact as to pretext. See id.

The Postal Service articulated the following reasons for the forgery investigation: (1) the Union Representative told Lynn he had seen an incomplete form, but Lynn saw a complete form with two different handwritings and things

7

crossed out; (2) placing Filius in non-pay, non-duty status was done pending the result of the investigation; and (3) the investigation was appropriate because preliminary contact with the doctor's office revealed that the form Filius submitted was different from the one on file with the doctor.

Filius failed to raise a genuine issue of material fact with respect to these reasons. After being approached by John Neal, the shop steward, about the form Filius had turned in, Lynn discovered, and a review of the form corroborated, that it had some areas crossed out, other areas overwritten, and was completed in two different styles of handwriting. Lynn lacked the authority to investigate the situation, which is why the matter was turned over to the postal inspectors. Filius was not placed in non-pay, non-duty status until after Lynn was informed by postal inspectors that the form did not match the one on file with the doctor, and that further investigation was needed. Finally, placement into non-pay, non-duty status was not discretionary. It was done by Frank Magee pursuant to the Postal Service's collective bargaining agreement with the union; Lynn merely concurred in his decision.

The timing of the investigation and Filius's testimony that Lynn commented, "I got him," are insufficient to raise a genuine issue of material fact as to whether Filius's placement into non-pay, non-duty status was likely motivated by an intent

8

to retaliate. The placement was not discretionary; Magee made it. All that Lynn did was to concur in his decision. There is no evidence that Magee was aware of Filius's protected activity. In sum, Filius's retaliation claim fails.

We find no basis for vacating the district court's judgment and remanding the case for further proceedings.

AFFIRMED.